IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 04-212-01 |
| JASON CLARK | : | |
| | : | |

**O R D E R**

**AND NOW**, this ___30th___ day of ___December___, 2011, upon consideration of the pro se[1] Motion Pursuant to §3582(c)(2) (ECF No. 57) filed by Defendant Jason Clark, the Government's response (ECF No. 58), and Defendant's reply (ECF No. 59), it is **ORDERED** that the Motion is **DENIED**.[2]

---

[1] Pro se pleadings are subject to a liberal review. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," is to be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011).

[2] On February 14, 2005, Defendant Jason Clark entered a plea of guilty, before the Honorable Anita B. Brody, to one count of possession with the intent to distribute cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) ("Count One"), one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) ("Count Two"), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Defendant entered the plea pursuant to a written plea agreement which, in accordance with Fed. R. Crim. P. 11(c)(1)(C), specified an agreed-upon sentence of 15 years imprisonment, 5 years supervised release and a $300 special assessment ("C agreement"). This sentence complied with the statutory minimum sentence specified in 18 U.S.C. §§ 924(a)(2) and (c)(1), and 21 U.S.C. § 841(b)(1)(A), which required 10 years imprisonment in addition to a consecutive 60-month imprisonment for a conviction under § 924(c). Defendant was subsequently sentenced to 176 months imprisonment, in addition to supervised release and monetary penalties. (Judgment, ECF No. 48.) In accordance with the plea agreement Defendant received credit for four months already served in the state.

Defendant claims that he is entitled to a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), which permits convicted defendants to challenge terms of imprisonment if the United States Sentencing Guidelines ("Guidelines") range under which a defendant was sentenced has changed in the intervening period. (Def.'s Br. 2, ECF No. 57.) Defendant points specifically to a decision by the United States Sentencing Commission ("Commission"), to modify the offense

IT IS SO ORDERED.

BY THE COURT:

C.S4H

_____

R. BARCLAY SURRICK, J.

---

levels in Guidelines § 2D1.1 which apply to crack cocaine offenses. (*Id*. at 7.) Defendant cites these modifications, as well as the Fair Sentencing Act of 2010 ("FSA"), in support of his argument. (*Id*. at 8.)

Addressing first the argument that the FSA entitles Defendant to a reduction in his sentence, we reject this argument. The Third Circuit, consistent with other Courts of Appeal, has confirmed that the FSA applies only to defendants sentenced on or after August 3, 2010. *United States v. Reevey*, 631 F.3d 110 (3d Cir. 2010). Defendant was sentenced on June 17, 2005, over five years before the FSA took effect. Thus, the FSA's modifications do not apply.

Defendant further claims that his position is supported by the Supreme Court's recent ruling in *Freeman v. United States*, 131 S.Ct. 2685 (2011). (Def.'s Reply 1-2, ECF No. 59.) In *Freeman*, five justices agreed that under limited circumstances, a defendant who was sentenced pursuant to a C plea agreement could request a sentence reduction under § 3582(c)(2). When the Supreme Court issues a fragmented opinion, we adopt the narrowest grounds that enjoy the concurrence of five justices. *See, e.g.*, *Jackson v. Danberg*, 594 F.3d 210, 220 (3d Cir. 2010).

*Freeman* turned on Justice Sotomayor's concurrence, which limited § 3582(c)(2) challenges to cases in which "the term of imprisonment is 'based on' the" Guidelines range. *Freeman*, 131 S.Ct. at 2695 (Sotomayor, J., concurring). If "a C agreement expressly uses a Guidelines sentencing range to establish the term of imprisonment, and that range is subsequently lowered by the Commission, the defendant is eligible for sentence reduction under § 3582(c)(2)." *Id*. at 2698.

Defendant's case does not fit within *Freeman*. Defendant's C plea stipulated a sentence of 180 months imprisonment–120 months for the crack count and a 60-month consecutive sentence under § 924(c). Defendant's potential exposure under the Guidelines was markedly more severe than the sentence he received. Had Defendant been sentenced within the Guidelines range applicable to his conviction, he would have faced imprisonment for 228 to 270 months. (Presentence Investigation Report ¶ 76.) In imposing Defendant's sentence, Judge Brody followed the terms of the C plea agreement, instead of opting for a substantially harsher sentence within the Guidelines range.

Defendant is not entitled to a reduction of his sentence pursuant to § 3582(c)(2), because his sentence was not based upon the Guidelines range. Rather, Defendant's sentence was based solely on his plea agreement. Since Defendant's sentence was fixed by a binding stipulation in his plea agreement and not based upon the Guidelines, the Motion for a sentence reduction under § 3582(c)(2) must be denied.